**UNITED STATES of America, Plaintiff,**

v.

**Mark Richard POWERS, Defendant.**

**Crim. No. 79–26.**

United States District Court,
S. D. Iowa.

Sept. 7, 1979.

Roxanne Barton Conlin, U. S. Atty., Don C. Nickerson, Terry Wright, Asst. U. S. Attys., Des Moines, Iowa, for plaintiff.

John P. Roehrick, Des Moines, Iowa, for defendant.

Barbara M. Mack, Des Moines, Iowa, for amicus curiae.

RULING AND ORDER

STUART, Chief Judge.

The Court has before it the defendant's Motion to Exclude the Public During Trial filed July 25, 1979. The United States responded in a resistance filed August 6, 1979, and pursuant to the Order of this Court, the Des Moines Register and Tribune Company filed an amicus curiae brief on August 17, 1979. A hearing on the defendant's motion was held on August 29, 1979, and continued to September 4, 1979. In open court, the defendant, the plaintiff and the amicus curiae presented argument on the issue of whether the Court as a matter of law has the power to order complete closure of the criminal trial upon the defendant's request. Following these presentations, the Court closed the remainder of the hearing to the public, including the Des Moines Register and Tribune Company, and heard argument from the parties concerning the factual basis of the defendant's allegations that the presentation of his defense in open court would endanger his and his family members' lives.

The defendant contends that if the entire trial is not closed as requested he will not be able to adequately present his defense to the United States' charges because of the dangers mentioned above, and thereby will be denied his constitutional right to a fair trial. The United States resists this contention by arguing that the Court must consider three factors in evaluating the defendant's evidence in support of closure. Those factors are a demonstrated necessity for closure, a lack of viable alternatives to closure, and the effectiveness of closure in preventing the alleged harm. The Des Moines Register and Tribune Company challenged the defendant's contention by arguing that closure of a criminal trial is not a right vested in a criminal defendant, and that such closure violates the First Amendment guarantee of the freedom of the press. In addition, the amicus curiae contended that the public has a strong interest in open criminal trials that is supported by a traditional distrust of secret trials in this country. The matter before the Court, therefore, focuses on the interface of the defendant's constitutional right to a fair trial and the public's demand for an open trial, whether guaranteed by the Constitution or by the time-honored traditions of the American Judiciary.

Counsel for both parties, as well as the amicus curiae, failed to present any instance where a secret criminal trial was held in an American court of law.[1] However, the Court is not willing to say it has no power to order closure of a criminal trial. Situations might arise where the defendant by clear and convincing evidence could establish exceptional facts and circumstances that effectively prevent the defendant from presenting his defenses and thereby deny him a fair trial. See *Gannett Publishing Co. v. DePasquale*, —— U.S. ——, 99 S.Ct. 2898, 2915, 61 L.Ed.2d 608 (1979) (Powell, J., concurring).[2] The Court, after closely scrutinizing the evidence presented in the closed hearing and carefully weighing the fundamental interests of the parties as well as the public, concludes that the defendant has failed to sustain that burden of proof.

In the Court's opinion, an order of closure would not be proper unless the defendant established:

> from entire criminal trial (a) absent showing or finding that public observation of proceedings would substantially impair fair trial or endanger any compelling or even significant interest, (b) absent showing or finding that less drastic procedures are unavailable to inadequate to protect interests involved, (c) absent showing or finding that banishing press and public from trial would effectively protect those interests, and (d) absent showing or finding that those interests are of sufficient magnitude and are endangered to such degree as to outweigh constitutional rights of press and public. *Richmond Newspapers, Inc. v. Virginia*, —— U.S. ——, 100 S.Ct. 204, 62 L.Ed.2d 132 (1979).

1. Subsequent to the filing of this Order and prior to its publication, the Court through its own research discovered the unreported decision of the Virginia Supreme Court in *Richmond Newspaper, Inc. v. Virginia*, Civil No. 78–1598 (Va.Sup.Ct., filed Nov. 8, 1978). In an Order entered July 9, 1979, the Virginia Supreme Court relied upon *Gannett Co., Inc. v. Depasquale*, —— U.S. ——, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) in dismissing an appeal by a newspaper and reporters from an order excluding press and public from courtroom in capital murder case, pursuant to Va.Code 19.2–266, which provides that "in the trial of all criminal cases, whether the same be felony or misdemeanor cases, the court may, in its discretion, exclude from the trial any persons whose presence would impair the conduct of a fair trial, provided that the right of the accused to a public trial should not be violated . . .."

An appeal of the Order was filed August 14, 1979. The questions presented on the appeal to the Supreme Court focus on whether the First, Sixth, and Fourteenth Amendments render Virginia's closure statute void as construed to authorize total exclusion of press and public from entire criminal trial; void as construed to give trial judges unfettered discretion to close entire criminal trial to press and public; void as enforced to expel press and public

2. In *Gannett*, the Supreme Court upheld a trial judge's order requiring closure of a pretrial hearing in a case where the participants in the litigation agreed that closure was necessary to protect the defendant's right to a fair trial. The Court believes that *Gannett* is not directly applicable here because the facts of the present case show that the prosecution did not consent to the defendant's closure request, and that the defendant is requesting closure of his complete criminal trial, not just a pretrial hearing as in *Gannett*.

(1) by clear and convincing evidence that there was a clear and present danger of actual harm to the life of the defendant or a member of his family;

(2) consent to the closure on the part of the prosecution, see *Gannett v. De-Pasquale,* supra, or a compelling reason for not requiring the prosecution's consent;

(3) by clear and convincing evidence that the closure of the defendant's criminal trial would effectively prevent the harm alleged and proven to exist; and

(4) by clear and convincing evidence that there are no effective alternatives to the complete closure of the criminal trial.

The Court concludes that the defendant failed to prove by clear and convincing evidence that the open court presentation of his defense would result in a clear and present danger of actual harm to the life of the defendant or a member of his family. The evidence at most demonstrates a fear of harm based on the allegedly violent nature of some of the persons involved. Admittedly, the defendant has shown that the prosecution would never consent to the closure because the issue before the Court focuses on a possible defense to the prosecution's charges against the defendant. Powers, however, failed to prove that closure would effectively prevent the alleged harm, and provided the Court with no insight on how to prevent the jurors and witnesses from discussing the case subsequent to the trial, or on how to prevent the disclosure of information if the trial court's decision is appealed. In addition, it was brought to the attention of the Court in the closed portion of the hearing that the defendant may generally be known to have been an informant for the Federal Bureau of Investigation and the Iowa Department of Criminal Investigation.

Finally, there is an alternative that the Court believes will enable the defendant to present his defense without closing the trial to the public. Such alternative procedure is hereinafter set forth. Therefore, the defendant's Motion to Exclude the Public During Trial shall be denied because the defendant has failed to establish the necessary circumstances set forth above.

In the closed hearing, the defendant testified as to several specific instances in which he had supplied information to the government. His testimony in this regard was not disputed by the government and can be summarized as follows:

(1) the defendant on six (6) occasions participated in a conspiracy pursuant to his duties as an informant for the Federal Bureau of Investigation and the Iowa Department of Criminal Investigation, and in so doing, the defendant possessed contraband for a period of time when law enforcement personnel were aware of the defendant's possession of the contraband;

(2) the defendant on two (2) occasions participated in a conspiracy pursuant to his duties as an informant for the Federal Bureau of Investigation and the Iowa Department of Criminal Investigation, and in so doing, the defendant possessed contraband for a period of time when law enforcement personnel were not aware of the defendant's possession of the contraband;

(3) the defendant on three (3) occasions participated in a conspiracy pursuant to his duties as an informant for the Federal Bureau of Investigation and the Iowa Department of Criminal Investigation, and in so doing, the defendant at no time possessed contraband.

If the government and defendant can stipulate on this or similar language, the Court will permit it to be introduced into evidence. If the parties cannot so stipulate, the Court will permit the defendant to read such summary to the jury as the Court's finding of facts in the closed hearing. If this alternative is not satisfactory to the defendant, he may testify about the specific instances in open court and be subject to cross examination or refrain from raising this matter as a defense.

**500**

IT IS THEREFORE ORDERED that the defendant's Motion to Exclude the Public During Trial shall be denied.

IT IS FURTHER ORDERED that the defendant shall be allowed to testify fully in open court as to his defense, and if the defendant chooses not to do so, as an alternative, the defendant shall be allowed to present as evidence of his defense the summary set forth in this Order.